So Ordered.

Dated: July 6, 2022



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Michael L Galesky,

Case No. 20-25509-gmh
Chapter 7

Debtor.

**ORDER**

The chapter 7 trustee asks the court to approve an agreement he made with WiscTex, LLC, a creditor, to "transfer the Trustee's right, title, benefit, privileges, and interests in and to any and all avoidance, recovery, or other actions or remedies that may be brought on behalf of the Bankruptcy Estate or the Trustee under the Bankruptcy Code or applicable non-bankruptcy law, including without limitation, actions or remedies under §§ 544, 547, 548, or 550 of the Bankruptcy Code". ECF No. 199, at 3–4. No one objects.

Based on the record, IT IS ORDERED that the chapter 7 trustee is authorized to make whatever transfer of the assets identified in the motion are allowed by the Bankruptcy Code; however, the authorization granted by this order does not entail or

imply that the Bankruptcy Code allows that transfer in whole or in part and this order affords no greater authorization than that permitted by the Code. *See Met-Al, Inc. v. Gabor (In re Metal Brokers Int'l, Inc.)*, 225 B.R. 920 (Bankr. E.D. Wis. 1998), and *Fleet Nat'l Bank v. Doorcrafters (In re North Atlantic Millwork Corp.)*, 155 B.R. 271, 281 (Bankr. D.Mass. 1993); but compare *Briggs v. Kent (In re Prof. Inv. Prop. of Am.)*, 955 F.2d 623 (9th Cir. 1992).

IT IS FURTHER ORDRED that the issue of whether the chapter 7 trustee has the authority to transfer claims under 11 U.S.C. §§544, 547, 548, or 550 is expressly reserved, and this order does not prejudice any entity's ability to litigate that issue.

IT IS FURTHER ORDERED that the trustee's motion to transfer is granted as provided in this order and otherwise denied.

# # # # #