So Ordered.

Dated: December 30, 2022



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Michael L. Galesky,

Debtor.

Case No. 20-25509-gmh

Chapter 7

**ORDER**

On June 9, 2022, the trustee filed a motion to approve an agreement he made with WiscTex, LLC, to "assign all claims and causes of action" the Trustee or Bankruptcy Estate may have to WiscTex in exchange for $20,000. ECF No. 199, at 4. The assignment was made without "warranties or representations as to the merits, viability or likelihood of success of any of the Assigned Bankruptcy Claims." *Id.* at 8.

On July 6, 2022, the court entered an order providing the following:

> Based on the record, IT IS ORDERED that the chapter 7 trustee is authorized to make whatever transfer of the assets identified in the motion are allowed by the Bankruptcy Code; however, the authorization granted by this order does not entail or imply that the Bankruptcy Code allows that transfer in

> whole or in part and this order affords no greater authorization than that permitted by the Code.
>
> IT IS FURTHER ORD[E]RED that the issue of whether the chapter 7 trustee has the authority to transfer claims under 11 U.S.C. §§544, 547, 548, or 550 is expressly reserved, and this order does not prejudice any entity's ability to litigate that issue.
>
> IT IS FURTHER ORDERED that the trustee's motion to transfer is granted as provided in this order and otherwise denied.

ECF No. 202, at 1–2 (citations omitted) (citing *Met-Al, Inc. v. Gabor* (*In re Metal Brokers Int'l, Inc.*), 225 B.R. 920 (Bankr. E.D. Wis. 1998), and then citing *Fleet Nat'l Bank v. Doorcrafters* (*In re North Atlantic Millwork Corp.*), 155 B.R. 271, 281 (Bankr. D. Mass. 1993); and then comparing *Briggs v. Kent* (*In re Prof. Inv. Prop. of Am.*), 955 F.2d 623 (9th Cir. 1992)).

On November 7, 2022, the chapter 7 trustee filed his final report and notice of his final report and applications for compensation, indicating that the chapter 7 trustee is taking steps to close this case. ECF Nos. 215 & 216. No one has objected to the trustee's contemplated distribution of estate funds.

The trustee's final report states that "[a]ll scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. ECF No. 215, at 1. The final report also states that the estate received $20,000 for "Fraudulent Conveyance Assets by Debtor" and those funds were paid to the trustee from the trust account of counsel for WiscTex. *Id*. at 4 & 8.

On December 12, 2022, WiscTex filed a motion "pursuant to § 362(j) . . . for an order confirming that the automatic stay does not prohibit [WiscTex] from acting to enforce its rights in state court relating to fraudulent transfer claims asserted against alleged fraudulent transferees". ECF No. 222, at 1. WiscTex requests that the court enter

an order "confirm[ing] the termination or absence of the automatic stay as to WiscTex pursuing fraudulent transfer claims, in its own capacity, in state court, against alleged fraudulent transferees Lakeland Property Management LLC, Bruce Fuller and Belinda Fuller." *Id*. at 2–3.

The debtor objects and asserts that WiscTex's motion is really an attempt to "seek[] relief from stay to exercise control over property of the estate, avoidance actions [WiscTex] intended to purchase from the Chapter 7 trustee in this bankruptcy case." ECF No. 224, at 1. The objection further asserts that "[t]he avoidance actions . . . remain property of the estate" and asks the court to decide now whether WiscTex "acquired standing to assert the estate's avoidance actions when it attempted to purchase them from the estate." ECF No. 224, at 1–2.

The debtor, however, does not have standing to object to WiscTex's motion, nor does he have standing to challenge WiscTex's assertion of avoidance claims on behalf of the estate against other parties. See *Cult Awareness Inc. v. Martino* (*In re Cult Awareness, Inc.*), 151 F.3d 605, 607 (7th Cir. 1998) ("Bankruptcy standing is narrower than Article III standing. . . . To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."). The debtor has no pecuniary interest in the outcome of the motion, nor does he have any interest in whether the trustee had authority to sell the estate's causes of action against non-debtor third parties to WiscTex. Accordingly, the debtor's objection is ignored.

With respect to WiscTex's motion, one wonders about its true purpose. To the extent the trustee has effectively transferred to WiscTex estate claims against non-debtors and fully divested the estate's interests in those claims, then §362(a) would appear not to impede WiscTex from pursuing those claims. And no one, not even the debtor, contends otherwise. But a §362(j) motion is not the appropriate vehicle to litigate whether WiscTex can plead claims that chapter 5 of the bankruptcy code in the first instance assigns to bankruptcy trustees.

Nor is it an appropriate vehicle to ask for modification of the §362(a) stay to permit WiscTex to pursue any claims against non-debtors that it might have under nonbankruptcy law and that might be impeded by the §362(a) stay because their pursuit would constitute acts to exercise control of estate property or otherwise—that requires a motion for relief from the stay under §362(d). Such a motion might be well founded. The trustee has not objected to WiscTex's motion. The chapter 7 trustee has filed a final report stating that he sold the estate's interest in the fraudulent transfer claims. No one has objected to his final report, and he is not asserting any remaining estate interest in the claims, whatever they may be. To the extent that the estate has any remaining interest in the fraudulent transfer claims, the trustee appears to be on the cusp of abandoning them. He certainly does not intend to pursue them or to pursue the debtor's argument that the trustee did not have authority to sell the claims to WiscTex. Once the trustee completes the remaining administrative acts, which appear principally to be the distribution of collected funds, the case presumably will be ripe for closure, after which the §362(a) stay will be terminated by operation of §362(c), since the court has granted the debtor a discharge. So, there appears to be potential grounds for relief under §362(d), but, again, WiscTex has not asked for that relief nor has it paid the fee required for filing a motion seeking that relief.

Accordingly, for the reasons stated herein, IT IS HEREBY ORDERED as follows:

1. WiscTex motion is granted to the following limited extent: the court declares that to the extent the trustee has effectively transferred to WiscTex estate claims against non-debtors Lakeland Property Management LLC, Bruce Fuller, and Belinda Fuller and fully divested the estate's interests in those claims, then §362(a) does not impede WiscTex's pursuit of those claims.
2. WiscTex's motion is otherwise denied.
3. This order does not prejudice any entity's ability to litigate whether the chapter 7 trustee has or had the authority to transfer claims under 11 U.S.C. §§544, 547,

548, or 550 and whether any such claims were properly transferred to WiscTex.

# # # # #